UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH JOHNSON,

                Plaintiff,

  -v-

UNITED STATES OF AMERICA AND JOHN DOES,

                Defendants.

Case No. 06-CV-4182 (KMK)

<u>OPINION AND ORDER</u>

KENNETH M. KARAS, District Judge:

      Plaintiff, appearing *pro se* and having paid the requisite filing fee, filed this action by order to show cause. For the following reasons, Plaintiff's Complaint is dismissed and Plaintiff's request for a Preliminary Injunction and Temporary Restraining Order is denied as moot.

I. <u>Background</u>

      Plaintiff alleges that federal agents implanted an "RF" chip in his body. Plaintiff alleges that the chip was implanted in his ear and is virtually undetectable. This chip has a "GPS" tracking feature which allegedly permits the Government to track Plaintiff. Additionally, the Government supposedly uses the chip to record sounds in the vicinity of Plaintiff's body and to monitor and manipulate his heart rate, blood pressure, body temperature, hearing, vision, thoughts, and nervous system. Moreover, the chip purportedly inflicts incessant needle-prick sensations in Plaintiff's body. Plaintiff alleges that civilians working at various law firms and casual acquaintances of his are actually agents of the federal government who have been instructed to prevent him from obtaining or maintaining employment and to sexually harass him. Federal agents also purportedly assaulted Plaintiff in New York City and robbed him in Miami.

Moreover, they allegedly infected Plaintiff with Methicillin-resistant Staphlyoccous Aureus (MRSA), Lymphogranuloma Venereum (LGV), and Human Immunodeficiency Virus (HIV). Plaintiff characterizes their actions as a "good old-fashioned case of sexual harassment and blackmail perpetrated by federal agents abusing their civilian identities." (Compl.)[1]

Plaintiff requests injunctive relief enjoining the transmission of signals sent to or from the chip in his body and enjoining the United States Government from interfering with his employment.

## II. Discussion

Although *sua sponte* dismissal of a plaintiff's complaint is disfavored, *see Cummings v. Giuliani*, No. 00 Civ. 6634, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (citation omitted), a district court may *sua sponte* dismiss a complaint if it is "frivolous or includes fantastic and delusional claims," even if the plaintiff is *pro se* and has paid the filing fee. *See id.*, at *2. "A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."); *cf. Pillay v. I.N.S.*, 45 F.3d 14, 17 (2d Cir. 1995) (discussing appellate court's inherent authority to dismiss meritless and/or frivolous fee paid cases). Moreover, where a complaint is frivolous or based on delusional claims, *sua sponte* dismissal "cannot reasonably be said to deprive such a plaintiff of

---

[1] The pages of the Complaint are not numbered and there are no numbered paragraphs.

the opportunity of 'clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.'" *Tyler*, 151 F.R.D. at 540 (quoting *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989)).

Mindful of this Court's duty to construe *pro se* actions liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court interprets Plaintiff's Complaint as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A *Bivens* claim must allege facts showing that defendants acted under color of federal law to deprive plaintiff of a constitutional right. *Id*. Courts have analogized *Bivens* claims to actions under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive plaintiff of a constitutional right and have used § 1983 cases as precedent for *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978) ("[I]n the absence of congressional direction to the contrary, there is no basis for according to federal officials a higher degree of immunity from liability when sued for a constitutional infringement as authorized by *Bivens* than is accorded state officials when sued for the identical violation under § 1983."); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (noting that federal courts typically incorporate § 1983 law into *Bivens* actions).

"Complaints that rely on civil rights statutes are insufficient unless 'they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Pourzancvakil v. Humphry*, No. 94 Civ. 1594, 1995 WL 316935, at *7 (N.D.N.Y. May 23, 1995) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)). Furthermore, to the extent that Plaintiff alleges that Defendants conspired with each other to deprive him of federally protected rights, Plaintiff cannot base his claims on

3

allegations that are "vague and provide no basis in fact." *Conway v. Garvey*, No. 03 Civ. 7958, 2003 WL 22510384, at *3 (S.D.N.Y. Nov. 5, 2003); *see also Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) ("[A] pro se complaint 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" (quoting *Somer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983)); *see also McArthur v. Bell*, 788 F. Supp. 706, 711 (E.D.N.Y. 1992) (holding that "vague and conclusory allegations" are insufficient to support a conspiracy claim).

Here, Plaintiff's allegations are vague, conclusory, and have no basis in fact. For example, Plaintiff alleges Government misconduct because legal recruiters "claimed to have distributed [his] resume to employers who never received it" and that he was "locked out of [his] office after two weeks" by a law firm. Plaintiff also claims that he was told by an unnamed person to sleep with another man once a week "'or we'll see what your next job is going to be'" and that subsequently, his job search "went nowhere, fast." Plaintiff further alleges that four men who were purportedly secret government agents "conspired to harass and blackmail" him by among other things, introducing Plaintiff to one of the conspirators at a birthday party which was "one of the most horrible parties [Plaintiff] had ever been to." Finally, Plaintiff claims that he was infected with LGV "after a United States government agent deliberately rubbed it in [Plaintiff's] anus using his finger at the Charriots Bath House in London."

Based on these and other patently frivolous allegations, the Complaint is dismissed *sua sponte* because it fails to allege any facts establishing a viable cause of action or subject matter jurisdiction and therefore "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or

otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Fitzgerald*, 221 F.3d at 364. Although this Court would generally permit amendment of a fee-paid *pro se* complaint to cure any defects before dismissing the case *sua sponte*, *see Hugh v. Albany*, 76 F.3d 53, 56 (2d Cir. 1996), there is no need to do so here as Plaintiff presents no arguably meritorious case. *See Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915 . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Marshall v. United Nations*, No. 05 Civ. 2575, 2006 WL 947697, at *3 (E.D. Cal. April 12, 2006) ("Moreover, in any event, leave to amend should not be granted where it appears amendment would be futile."). Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## III. Conclusion

For the reasons stated above, Plaintiff's Complaint is DISMISSED with prejudice. Plaintiff's Motion by Order to Show Cause for injunctive relief is DENIED as moot. The Clerk of Court is directed to terminate the case.

SO ORDERED.

Dated:  June 7, 2006
         New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

5

Service List:

Keith Johnson
6 Northolt Court
Toronto, Ontario M9A3B1
CANADA
*Plaintiff*